**RESNICK & LOUIS, P.C.**
Miles M. Masog, Esq., SBN: 024927
8111 East Indian Bend Road
Scottsdale, Arizona 85250
Telephone: 602-456-6560
Facsimile: 602-456-6560
Email: mmasog@rlattorneys.com

*Attorneys for Defendant CAVU Component Repair, LLC*

## IN THE DISTRICT COURT OF THE
## STATE OF ARIZONA

| | |
|---|---|
| AVENGER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CAVU COMPONENT REPAIR, LLC, <br><br> Defendants. | Case No.: 2:24-CV-01917 <br><br> **DEFENDANT CAVU COMPONENT REPAIR, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF** |

### DEFENDANT CAVU COMPONENT REPAIR, LLC'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF

Defendant CAVU Component Repair, LLC (hereinafter referred to as "CAVU"), by and through undersigned counsel hereby propounds the following First Set of Interrogatories and Requests for Production of Documents upon Plaintiff, Avenger, LLC to be answered within 30 days of service thereof, subject to the Instructions and Definitions below.

1

## INSTRUCTIONS

1. These Discovery Requests are deemed to be continuing so as to require the filing of supplemental responses in the event Defendant or its representatives (including counsel) learn of additional facts or documents not set forth or produced in their responses or discover that information given in its responses is erroneous.

2. Each Discovery Request is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond as fully as possible. The omission of any name, fact, document or other item of information from the responses shall be deemed a representation that such name, fact, document or item is not known to Defendant, its counsel, or other representatives at the time of service of the responses.

3. Your answer shall include all information available to you or through your agents, representatives, or attorneys. When an answer is made by a corporate party, state the name, title, and address of the person supplying the information and making the affidavit and the source of his or her information.

4. If you cannot supply precise information, state your best estimate or approximation (including your best approximation of dates by reference to other events, when necessary, designated as such).

5. If you do not have the information necessary to answer a request, but know where such information may be procured, identify the nature of the information and the persons in possession or control thereof.

6. Where the name or identity of a person is requested, please state the full name, home address and also business address, and home and business telephone numbers, if known.

7. If you elect to specify and produce business records in response to any request, then your specification shall be in sufficient detail to permit the interrogating party to

locate and identify, as readily as you can, the records from which the answer may be ascertained.

If in answering these requests you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

8. If you object to any portion or aspect of a Discovery Request, answer the remainder.

9. If you consider any document called for to be privileged from production, then you must include it in a list of documents withheld from production, identifying each document by date, addressee(s), author(s), title and subject matter. In addition, identify those persons who have seen the document or who were sent copies. Finally, state the grounds upon which each document is considered privileged.

10. Unless other arrangements are mutually agreed to in writing, all electronically stored information should be produced in its native format (i.e., as the information is kept on your computer system) and with all metadata and in a reasonably usable format, together with the computer file name and the identity of the language in which it is encoded.

11. It is requested that all documents and/or other data compilations which might have impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease, whether or not such destruction is pursuant to the unrelated practices of Plaintiff, be discontinued

### DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Complaint" means the complaint, and any amendments thereto, filed in the above-captions action ("Action").

2. "You," "your," and/or "Plaintiff," refers to the Plaintiff and their agents or representatives, and all other persons acting in concert with them or under their control, whether directly or indirectly, including any attorney and/or expert.

3. "Document" means all written, printed, recorded, or graphic matter, however produced or reproduced, whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, letters, correspondence, reports, lists, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, inter-office communications, email, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, sound recordings, computer printouts, and work sheets, including drafts and copies not identical to the originals; all photographs, videotapes, films and graphic matter, however produced or reproduced; all compilations of data from which information can be obtained; and any and all writings or recordings of any type or nature, in your possession, custody, or control, including those in the possession, custody, or control of any and all present or former employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. The term "document" expressly includes all electronic mail or email, text messages, computer records, and electronically stored information ("ESI").

4. "File" means any collection or group of documents maintained, held, stored, or used

together, including without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

5. "Person" means any natural person, corporation, firm, association, partnership, join venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6. "Relating to" or "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

7. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8. "Communication" means any oral or written communications of which you have knowledge, information, or belief.

9. "Date" means the exact date, month, and year, and time fi ascertainable, or, if not, the best available approximation.

10. "Describe" or "identify," when referring to a person, means to state the following:

   a. The full name;

   b. The present or last known residential address;

   c. The present or last known residential and office telephone numbers;

   d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and,

   e. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

11. "Describe" or "identify," when referring to a document, means to state the following:

   a. The nature (e.g., letter, handwritten note, memorandum, etc.) of the document;

   b. The title or heading that appears on the document;

   c. The date of the document and the date of each addendum, supplement, addition or change;

     d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

     e. The present location of the document, and the name, address, position or titled, and telephone number of the person or persons having custody of the document.

     12. "Describe" or "identify," when referring to a communication means you must state the person(s) originating the communication, the person(s) receiving the communication, the method of communication (i.e. telephonic, written, electronic, etc.), the date of the communication, the date of receipt (if different), the substance of the communication, and the address where documents evidencing the communication can be located.

     13. "In connection with" means relating or pertaining to in any way, in whole or in part.

     14. "Referring to" or "relating to" means discussing, reflecting, containing, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way either directly or indirectly, and either in whole or in part.

     15. Electronically Stored Information ("ESI") includes any computer files or other stored information maintained in electronic format and should be produced in its native format, i.e. as that information is kept on your computer system and in a reasonably usable format.

     16. The word "and" means "and/or." The word "or" means "or/and."

     17. The singular and masculine of any noun or pronoun includes the plural, the feminine, and the neuter, as determined from the context of the interrogatory or request.

## INTERROGATORIES

1. Identify all individuals who participated in or contributed information used in answer these Interrogatories. Set forth a description of the information provided by each such person.

**RESPONSE:**

2. Identify each person who may have knowledge or information, direct or indirect, related to any of the claims, factual allegations, or defenses set forth in the Complaint and/or the Answer, and, as to each such person identified, set forth the person's full name, address, telephone number, email address, and provide a brief statement of the subject matter of which the person has knowledge.

**RESPONSE**:

3. If you intend to rely upon any documents, electronically stored information, or tangible things, whether in a deposition, at a hearing, or as an exhibit, to support a position that you have taken or intend to take in this Action, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and the identity of all persons or entities having possession, custody, or control of them.

**RESPONSE**:

4. Identify the full name, address, home and work telephone numbers, email address, occupation, and present whereabouts of each person who has knowledge of any facts or circumstances concerning Avenger's business relationship with CAVU. For each person with knowledge, please set forth in detail the facts upon which you believe he or she has knowledge.

**RESPONSE**:

5. Identify the full name, address, home and work telephone numbers, email address occupation, and present whereabouts of each person who has knowledge of any

facts or circumstances concerning the 1,241 parts allegedly shipped from Avenger to CAVU as described in Paragraph 7 of the Complaint. For each person with knowledge, please set forth in detail the facts upon which you believe he or she has knowledge.

**RESPONSE**:

6. Identify the full name, address, home and work telephone numbers, email address, occupation, and present whereabouts of each person who now works for Avenger or previously worked for Avenger who has ever been in communication with Roy Hyde, Damian Allen, Alex Eckman, Leslie Marquez, and Chris Bahne, and the dates of such communications, in particular communications after the dates that each stopped working for CAVU. The five individuals referenced above were identified with particularity in CAVU's Responses to Plaintiff's Non-Uniform Interrogatories No. 2 and 4-8.

**RESPONSE**:

7. Identify the full name, address, home and work telephone numbers, email address, occupation, and present whereabouts of each person who has knowledge of any facts or circumstances concerning the shipment of parts from CAVU to Avenger between June 2022 and September 2022 as described in Paragraph 10 of the Complaint. For each person with knowledge, please set forth in detail the facts upon which you believe he or she has knowledge.

**RESPONSE**:

8. Identify the full name, address, home and work telephone numbers, email address, occupation, and present whereabouts of each person who has knowledge of any facts or circumstances concerning he October 19, 2022 email attached as Exhibit C to the Complaint. For each person with knowledge, please set forth in detail the facts upon which you believe he or she has knowledge.

**RESPONSE**:

9. Identify all communications between CAVU's directors, employees, officers, agents or representatives and Avenger between January 1, 2020 and present. With respect to each such communication, describe the type of communication (verbal, written, email, etc.), the contents of the communication and identify each person in possession of such communications.

**RESPONSE**:

10. Identify all carrier(s) used to ship the 47 parts from CAVU to Avenger that Avenger has allegedly not returned to CAVU. For each such carrier, provide the date of shipment, the contents of the shipment, and the date of delivery.

**RESPONSE**:

11. Identify all shipments of parts from CAVU to Avenger. For each such shipment, provide the date of shipment, the date of delivery, the carrier, the contents of the shipment, and the individuals who packed, prepared, reviewed, and/or approved the shipment.

**RESPONSE**:

12. Provide a list of all parts shipped from CAVU to Avenger, including the number and contents of the parts in each shipment, the date of shipment, the date of delivery, the carrier, and the individuals who packed, prepared, reviewed, and/or approved the shipment.

**RESPONSE**:

13. Identify all complaints that you have made regarding parts that were not returned, lost shipments, and/or missing waybills to any party besides CAVU. In particular, identify all complaints that you made to Roy Hyde, Damian Allen, Alex Eckman, Leslie Marquez, and Chris Bahne and/or their employers.

**RESPONSE**:

14. For any expert whom you anticipate calling in this case, state all of the information required by Fed. R. Civ. P. 26(a)(2), and the basis for and amount of all compensation you have paid, or have agreed to pay, the expert.

**RESPONSE**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents reviewed, referred to, and/or relied on by you in answering Defendant's First Set of Interrogatories.

**RESPONSE**:

2. Produce all documents, including ESI, in your possession, custody, or control that relate to any of the claims or factual allegations set forth in the Complaint and/or the Answer.

**RESPONSE**:

3. Produce all documents in your possession relating in any way to the business relationship between CAVU and Avenger.

**RESPONSE**:

4. Produce all communications and correspondence between CAVU and Avenger, and any documents in your possession relating in any way to same.

**RESPONSE**:

5. Produce all documents in your possession relating in any way to the 1,241 parts allegedly shipped from Avenger to CAVU as described in Paragraph 7 of the Complaint. In particular, produce all documents in your possession relating in any way to the 47 parts that were allegedly shipped from Avenger to CAVU that Avenger alleges were not subsequently returned.

**RESPONSE**:

6. Produce all documents in your possession relating to Your communications with with Roy Hyde, Damian Allen, Alex Eckman, Leslie Marquez, and Chris Bahne from

2020 to present, specifically including after the dates that each ceased working for CAVU.

**RESPONSE**:

7. Produce all documents in your possession relating in any way to the shipment of parts from CAVU to Avenger between June 2022 and September 2022 as described in Paragraph 10 of the Complaint.

**RESPONSE**:

8. Produce all air waybill(s) and parts shipping list(s) for parts shipped by CAVU to Avenger between June 2022 and September 2022, and any documents in your possession relating in any way to same.

**RESPONSE**:

9. Produce all packing lists for parts shipped by CAVU to Avenger between June 2022 and September 2022, and any documents in your possession relating in any way to same.

**RESPONSE**:

10. Produce all complaints received regarding parts that were not returned, lost shipments, and/or missing waybills.

**RESPONSE**:

11. Produce all policies, guides, procedures, and handbooks regarding CAVU's packing and shipping practices, and any documents in your possession relating in any way to same.

**RESPONSE**:

DATED this 10th day of January 2025.

                    **RESNICK & LOUIS, P.C.**

              By:   <u>*/s/ Miles M. Masog*</u>
                     Miles M. Masog, Esq.
                     *Attorneys for Defendant CAVU*
                     *Component Repair, LLC*

**Certificate of Service**

I hereby certify that on January 10, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

The Thomas Law Office, PLC
D. Margeaux Thomas
11130 Fairfax Blvd., Suite 200
Fairfax, VA 22030
mthomas@thomaslawplc.com
*Attorney for Plaintiff*

Elizabeth Swingle Horn
Thomas Law Office PLC
11130 Fairfax Blvd., Ste. 200
Fairfax, VA 22030
ehorn@thomaslawplc.com

Heather Lee Stanton
Lewis Roca LLP - Phoenix
201 E Washington St., Ste. 1200
Phoenix, AZ 85004
hstanton@roselawgroup.com

Shelton L Freeman
Rose Law Group PC
7144 E Stetson Dr., Ste. 300
Scottsdale, AZ 85251
filings@roselawgroup.com

By:   */s/ Misty Keys*
      Misty Keys
      An Employee of Resnick & Louis, P.C